**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
CARLOS LOPEZ, individually and on
behalf of others similarly situated,

                                  Plaintiff,

                      v.

CHINA CITY OF EAST 188TH STREET
INC. (D/B/A CHINA CITY RESTAURANT),
YOUYI HE, and XIAO YING HUANG,
                                Defendants.
------------------------------------------------------------------X

Case No: 1:19-cv-09115-VSB

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendants CHINA CITY OF EAST 188TH STREET INC. (D/B/A CHINA CITY RESTAURANT), YOUYI HE, and XIAO YING HUANG (collectively "Defendants"), by and through their attorneys, Hang & Associates, PLLC, hereby provide their answer and affirmative defenses to the Complaint of Plaintiff Carlos Lopez (the "Complaint") and state as follows:

## AS TO "NATURE OF ACTION"

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants admit to the extent that "China City Restaurant" is located at 308 East 188th Street, Bronx, New York 10458-5402. Defendants deny the remainder of the allegations in Paragraph 2 of the Complaint.

3. Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

1

5. Defendants admit that Plaintiff was employed as a delivery worker, but otherwise deny the remainder of the allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants state that Paragraph 11 of the Complaint asserts legal conclusions that do not require a response. To the extent that a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants state that Paragraph 15 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants admit to the extent that Plaintiff purports to bring an action under various federal and New York statutes and regulations on behalf of himself and a purported putative class he seeks to represent, the existence of which is denied. Further answering, Defendants deny the remainder of the allegations in Paragraph 15 of the Complaint.

16. Defendants state that Paragraph 16 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary,

Defendants admit to the extent that Plaintiff purports to bring an action under 29 U.S.C. §216(b) on behalf of himself and a purported putative class he seeks to represent, the existence of which is denied.

### AS TO "JURISDICTION AND VENUE"

17. Defendants state that Paragraph 17 of the Complaint asserts legal conclusions that do not require a response.

18. Defendants state that Paragraph 18 of the Complaint asserts legal conclusions that do not require a response.

### AS TO "PARTIES"

*Plaintiff*

19. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants admit to the extent that Plaintiff purports to bring an action under 29 U.S.C. §216(b) on behalf of himself and a purported putative class he seeks to represent, the existence of which is denied.

*Defendants*

22. Defendants admit to the extent that "China City Restaurant" is located at 308 East 188th Street, Bronx, New York 10458-5402. Defendants deny the remainder of the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

## **AS TO "FACTUAL ALLEGATIONS"**

*Defendants Constitute Joint Employers*

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants state that Paragraph 30 of the Complaint asserts legal conclusions that do not require a response. To the extent that a further answer is deemed necessary, Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants state that Paragraph 31 of the Complaint asserts legal conclusions that do not require a response. To the extent that a further answer is deemed necessary, Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants state that Paragraph 35 of the Complaint asserts legal conclusions that do not require a response. To the extent that a further answer is deemed necessary, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

*Individual Plaintiff*

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit to the extent that Plaintiff purports to bring an action under 29 U.S.C. §216(b) on behalf of himself and a purported putative class he seeks to represent, the existence of which is denied.

*Plaintiff Carlos Lopez*

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants admit the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

*Defendants' General Employment Practices*

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint

69. Defendants state that Paragraph 69 of the Complaint asserts legal conclusions that do not require a response.

70. Defendants state that Paragraph 70 of the Complaint asserts legal conclusions that do not require a response.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants state that Paragraph 75 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants admit the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

### AS TO "FLSA COLLECTIVE ALLEGATION"

83. Defendants state that Paragraph 83 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants admit to the extent that Plaintiff purports to bring an action under various federal and New York statutes and regulations on behalf of himself and a purported putative class he seeks to represent, the existence of which is denied. Further answering, Defendants deny the remainder of the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

### AS TO "FEDERAL RULE 23 CLASS ACTION ALLEGATIONS"

86. Defendants state that Paragraph 86 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants admit to the extent that Plaintiff purports to bring an action under various federal and New York statutes and regulations on behalf of himself and a purported putative class he seeks to represent, the existence of which is denied. Further answering, Defendants deny the remainder of the allegations in Paragraph 86 of the Complaint.

87. Defendants admit to the extent that Plaintiff purports to bring an action under various federal and New York statutes and regulations on behalf of himself and a purported

putative class he seeks to represent, the existence of which is denied. Further answering, Defendants deny the remainder of the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

95. Defendants deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

99. Defendants state that Paragraph 99 of the Complaint asserts legal conclusions that do not require a response. Further answering, Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 99 of the Complaint.

100. Defendants state that Paragraph 100 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants state that Paragraph 101 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

## AS TO "FIRST CASUE OF ACTION"

103. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

104. Defendants state that Paragraph 104 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations in Paragraph 104 of the Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

106. Defendants state that Paragraph 106 of the Complaint asserts legal conclusions that do not require a response.

107. Defendants state that Paragraph 107 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Defendants state that Paragraph 108 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

## AS TO "SECOND CAUSE OF ACTION"

110. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

111. Defendants state that Paragraph 111 of the Complaint asserts legal conclusions that do not require a response. To the extent that a further answer is deemed necessary, Defendants deny the remainder of the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Complaint.

## AS TO "THIRD CAUSE OF ACTION"

114. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

115. Defendants deny the allegations in Paragraph 115 of the Complaint.

116. Defendants deny the allegations in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

## AS TO "FOURTH CASUE OF ACTION"

119. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Complaint.

## AS TO "FIFTH CASUE OF ACTION"

123. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

## AS TO "SIXTH CASUE OF ACTION"

127. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

128. Defendants deny the allegations in Paragraph 128 of the Complaint.

129. Defendants state that Paragraph 129 of the Complaint asserts legal conclusions that do not require a response. To the extent that a further answer is deemed necessary, Defendants deny the allegations in Paragraph 129 of the Complaint.

### AS TO "SEVENTH CASUE OF ACTION"

130. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

131. Defendants deny the allegations in Paragraph 131 of the Complaint.

132. Defendants deny the allegations in Paragraph 132 of the Complaint.

### AS TO "EIGHTH CASUE OF ACTION"

133. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

### AS TO "PRAYER FOR RELIEF"

Defendants admit only that Plaintiff purports to seek judgment against Defendants for the relief referenced in the "WHEREFORE" Paragraph of the Complaint. Except as admitted herein, Defendants deny the allegations in this "WHEREFORE" Paragraph of the Complaint.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendants

reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred because Defendants at all times acted in good faith, and all actions taken with regard to Plaintiff was taken for lawful business reasons.

## THIRD DEFENSE

Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations and guidelines.

## FOURTH DEFENSE

Plaintiff's claims are barred because recovery of cumulative liquidated damages under both FLSA and NYLL is not allowed under applicable law.

## FIFTH DEFENSE

The Complaint fails to state a claim for compensatory damages.

## SIXTH DEFENSE

Plaintiff has failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which he now complains.

## SEVENTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to him under the applicable laws and their corresponding regulations.

**EIGHTH DEFENSE**

Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

**NINTH DEFENSE**

Plaintiff fails to state a claim for recovery of equipment costs.

**TENTH DEFENSE**

The claims for pre-judgment interest under the New York Labor Law are preempted by the remedies provided by the Fair Labor Standards Act.

**ELEVENTH DEFNSE**

Plaintiff has failed to state any facts entitling him to any liquidated damages or statutory penalties.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the individually named Defendant was not the employer of Plaintiff, was not the cause of Plaintiffs' purported damages, and otherwise is not a proper party to this lawsuit or individually liable for the claims alleged by Plaintiff.

**THIRTEENTH DEFENSE**

Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New York Labor Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the Fair Labor Standards Act and New York Labor Law.

**FOURTEENTH DEFENSE**

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

## FIFTEENTH DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff, if it is determined that such monies are owed, Plaintiff is not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiff was taken in good faith.

## SIXTEENTH DEFENSE

The Court should not exercise subject matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

## SEVENTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

## EIGHTEENTH DEFENSE

To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery.

## NINETEENTH DEFENSE

Assuming *arguendo*, Plaintiff is entitled to recover additional compensation on behalf of herself, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff is appropriately limited thereby.

### TWENTIETH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### TWENTY-FIRST DEFENSE

Plaintiff's claims under N.Y. Lab. Law § 195 are barred because Defendants made complete and timely payment of all wages due or reasonably believed it was not required to provide notice required by N.Y. Lab. Law § 195. *See* N.Y. Labor Law § 198(1-d).

### TWENTY-SECOND DEFENSE

The individually named defendants were not Plaintiff's employer, and as such, cannot be held liable under federal and/or state law.

### TWENTY-THIRD DEFENSE

Defendants did constitute a single integrated enterprise, and as such, Plaintiff lacks standing to maintain this action against all defendants.

### TWENTY-FOURTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### TWENTY-FIFTH DEFENSE

15

To the extent liability under the FLSA is established, Plaintiff's claims are subject to a two-year statute of limitations pursuant to 29 U.S.C. § 255(a) as Defendants neither knew of any conduct that was prohibited by statute nor showed reckless disregard about whether it was.

## RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiff's claims.

## DEFENDANTS' RELIEF REQUESTED

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request that:

A.   Plaintiffs' Complaint be dismissed with prejudice in its entirety;

B.   Judgment be entered in Defendants' favor; and

C.   The Court award Defendants such other relief as it deems just and equitable.

## JURY TRIAL DEMAND

Defendants request a jury trial on all issues so triable in this action.

Dated: March 2, 2020

HANG & ASSOCIATES, PLLC.

By: *s/ Ge Qu*
Ge Qu, Esq.
136-20 38th Ave. Suite 10G
Flushing, New York 11354
(718) 353-8588
rqu@hanglaw.com
*Attorney for Defendants*