```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
CARLOS LOPEZ, individually and on                           :
behalf of others similarly situated,                        :
                                                            :
                          Plaintiff,                        :    19-CV-9115 (VSB)
                                                            :
             -against-                                      :       JUDGMENT
                                                            :
CHINA CITY OF EAST 188TH STREET                             :
INC. (D/B/A CHINA CITY                                      :
RESTAURANT), YOUYI HE, and XIAO                             :
YING HUANG,                                                 :
                                                            :
                          Defendants.                       :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

       I am in receipt of the parties' Rule 68 filings dated November 30, 2021.  (Docs. 43–44.)

       In *Cheeks v. Freeport Pancake House, Inc.*, the Second Circuit determined that Fair Labor Standards Act ("FLSA") settlements have "unique policy considerations" such that they must "require the approval of the district court or the [Department of Labor] to take effect."  796 F.3d 199, 206 (2d Cir. 2015).  More recently, the Second Circuit determined that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims."  *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019).  In light of this unqualified language, I find that *Mei Xing Yu* compels the result here that I must enter judgment in accordance with the parties' Rule 68 offer and acceptance of judgment.

       However, I note that the result here is inconsistent with the Second Circuit's holding in *Cheeks* and that, absent further clarity from the Second Circuit or legislative action, the holding in *Mei Xing Yu* threatens to dramatically curtail *Cheeks* and its attempts to protect workers' wages.  The rule announced in *Mei Xing Yu* will allow parties to "use Rule 68(a) as an 'end run'

to accomplish what *Cheeks* forbade." *Mei Xing Yu*, 944 F.3d at 25–26 (Calabresi, J., dissenting). "As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68." *De Jesus Torres v. HWF Realty Mgmt., Inc.*, No. 18 CIV. 994 (PAC), 2020 WL 995861, at *2 (S.D.N.Y. Mar. 2, 2020). Under *Mei Xing Yu*, district courts, "faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, [are] forced to direct the Clerk of the Court to enter judgments submitted pursuant to Rule 68." *Id.* This newfound ability for parties to submit broad and unreasonable terms and evade *Cheeks* review certainly "conflicts with the spirit of" the Second Circuit's holding in *Cheeks*, which is designed "to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Segarra v. United Hood Cleaning Corp.*, No. 15-CV-656 (VSB), 2016 U.S. Dist. LEXIS 189293, at *2 n.1 (S.D.N.Y. Jan. 6, 2016) (internal quotation marks omitted).

  Here, the parties include terms and conditions in their offer and acceptance of judgment that I would deem unreasonable in a settlement agreement pursuant to *Cheeks*. For example, the offer of judgment contains an overbroad release, forever discharging Defendants of the action and all related and affiliated companies, employees, and agents from any and all actions, claims, or liabilities that could arise out of FLSA or the New York Labor Law ("NYLL"). (Doc. 43-1, at 2.) Courts in this district routinely "reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). The offer of judgment also sets forth the judgment amount as $21,000,

inclusive of attorney's fees, costs, expenses, and prejudgment interest, but does not set forth the amount of attorney's fees included in each payment installment.  (Doc. 43-1, at 1–2.)  Instead, the offer of judgment simply states three installments of $7,000 are to be paid within thirty days of each other.  (*Id*. at 2.)  This also does not comport with reasonable FLSA settlements under *Cheeks*.  *See Fisher v. SD Prot. Inc*., 948 F.3d 593, 600 (2d Cir. 2020) ("if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs"); *see also id*. ("[t]he fee applicant must submit adequate documentation supporting the [request]").

      For these reasons, I find *Mei Xing Yu* compels me to reach a completely opposite result than the result I would reach under *Cheeks* regarding the parties' offer and acceptance of judgment.  Nevertheless, pursuant to the Second Circuit's holding in *Mei Xing Yu*, it is hereby:

      ORDERED that judgment shall be entered in accordance with the parties' Rule 68 offer and acceptance of judgment filed in this case.  (Docs. 43–44.)

SO ORDERED.

Dated: December 10, 2021
      New York, New York

                                                                Vernon S. Broderick
                                                                United States District Judge